[Civ. No. 19928.   Second Dist., Div. One.   Jan. 19, 1954.]

JOHN E. KUNDE, Respondent, v. HELEN E. KUNDE, Appellant.

William Katz for Appellant.

Macbeth & Ford, Norman Macbeth and Patrick H. Ford for Respondent.

DORAN, J.—This is an appeal from the judgment.

Plaintiff and defendant were married October 13, 1950. Each had been married before and each possessed separate property.  They separated June 9, 1951.

As stated in respondent's brief, "Plaintiff sued defendant, his estranged wife, to quiet title to certain parcels of real estate, which were plaintiff's separate property owned prior to his marriage to defendant.  Defendant's claim rested upon the validity of five deeds, signed on or about May 31, 1951, but not recorded until February 4, 1952.  The issue in the case was, were these deeds ever delivered to defendant, or to a third person for defendant, with plaintiff's consent or at his direction?   The trial court found that there was no

delivery. Judgment was accordingly entered for plaintiff quieting his title." The controversy results from an arrangement between the parties to place their respective properties in joint tenancy.

It is contended on appeal that "The material findings are unsupported by the evidence" and that "the judgment is contrary to law."

The facts are sufficiently summarized in the trial judge's review of the evidence and comments thereon, as follows:

" 'The Court: I don't think that it is controllingly important in this case as to whether Mr. Kunde signed these deeds in blank and the description was later put in or whether the description was in the deeds at the time that he signed them. The fact of the matter is that when Mr. Kunde went to Mr. McManus he went to him for the purpose of having the five deeds made out and for the purpose of signing the five deeds when made out among other things, one of the other things being the getting of inheritance tax releases. So whether the deeds were actually filled out when signed or whether they were in blank I think makes no difference because I think at that time I have no inference from the evidence except that Mr. Kunde had authorized Mr. McManus to make out such deeds. There is no doubt in my mind about that. However, I think Mr. McManus mistakes the position that he occupied in respect to these matters. He now seems to take the position that he was merely an escrow holder or a stake holder and as such was compelled after the deeds were made out to deliver them to the grantee, at least his acts and conduct show that that is what he thought his duties were, because finally in January, following the May in which the deeds were signed, seven months later, at a time when he apparently had ceased to represent Mr. Kunde as an attorney and had then taken on the unqualified employment of Mrs. Kunde as her attorney, he proceeds to go ahead and record the deeds.

" 'Now, I think Mr. McManus was not in the position of a mere escrow holder with respect to these deeds. I think that at the time Mr. Kunde went into Mr. McManus' office and employed him to get the inheritance tax affidavits and get the releases from the California State Inheritance Tax Department and make out the deeds the relationship of attorney and client was there definitely established. It is all well and good for Mr. McManus to contend that he was acting for

attorney for both of these parties. Personally, I don't think he was, but even if he was, the fact remains that he was attorney for Mr. Kunde. Mr. McManus seeks to raise the point that he does not know who paid him. The checks show that Mr. Kunde paid him, maybe out of the joint account— probably out of the joint account—but the evidence seems to show that the joint account was monies that Mr. Kunde had before he was married. So there is no doubt in my mind whatsoever that the relationship of attorney and client was established when Mr. Kunde went in and paid Mr. McManus and employed him to do the things mentioned here.

" 'Now, I don't believe that there was ever any valid delivery of those deeds, either actually or constructively. I think that under the law, the deeds being in the hands of Mr. McManus who was the attorney for Mr. Kunde is the same thing as saying that the deeds had never left Mr. Kunde's possession because the attorney is the agent of the client, a confidential agent. . . . I have no doubt in my mind that Mr. Kunde had a perfect right to do just what he did do, to instruct Mr. McManus to return the deeds to him and not to go any further with the transaction, not once but several times, as shown by the evidence. Mr. McManus then goes ahead and records the deeds. . . .

" 'I am satisfied that there was no delivery of the deeds. The execution of the deeds requires that there shall be not only the signing of them but that there shall be a delivery, either actual or constructive, and I believe that there was neither type of delivery in this case. I believe that the recording of the deeds under the circumstances as shown by this evidence . . . conveyed absolutely nothing. I am satisfied that the plaintiff is entitled to a decree of this Court quieting his title to the property and canceling the deeds of record and quieting title in and to the deeds. That is under the cause of action for quieting title and for declaratory relief. You can prepare appropriate findings to support the judgments as indicated by the Court orally from the bench and I will sign them.' "

In connection with the foregoing, appellant argues that, "The decision of the trial court herein can only be explained as the emotional reaction of the trial judge to the psychological and what he deemed to be the ethical error on the part of counsel for the defendant in undertaking to represent her in this litigation after having acted as the attorney for both parties in the drafting of the deeds."

On the contrary, as pointed out by respondent, the law is well settled that the findings will be upheld if supported by substantial evidence and that the evidence must be viewed only in the light most favorable to respondent.

A review of the record discloses substantial evidence in support of the trial judge's conclusions and the law is well settled with relation to the issues involved. There being no errors in the record, the judgment appealed from is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied February 15, 1954, and appellant's petition for a hearing by the Supreme Court was denied March 17, 1954.